

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 18, 1963

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 14, Texas

Dear Mr. Greer:

Opinion No. C-109

Re: Appointment of offi-
cial court reporter
under the facts sub-
mitted.

Your request for an opinion reads as follows:

"During the course of highway rights
of way acquisition it occasionally becomes
necessary, where negotiations are unsuccess-
ful, to exercise the right of eminent domain
with some acquisitions attaining civil suit
status. Often times, where testimony is to
be taken, the service of an official court
reporter is not available and arrangements
are made for testimony to be taken by a steno-
grapher or reporter specifically employed.

"Listed are five questions pertinent to
the use of a stenographer or reporter where
the service of an official court reporter is
not available. It is requested that an opin-
ion be rendered concerning the status of the
stenographer or reporter so employed, and the
payment of such services.

"1. In a civil suit where testimony is
to be taken in the absence of an official
court reporter, does the stenographer or re-
porter employed by either party become an of-
ficial court reporter through appointment by
the Judge?

"2. If the answer to No. 1 is in the af-
firmative, are the fees charged for the ser-
vices so rendered governed by Articles 2324
and 2327?

"3. If the answer to No. 1 is in the
negative, who sets the compensation?

-538-

"4. Could the State as a party to the suit request an official court reporter to take testimony under Article 2327, R.C.S. and set per diem rate and allow additional reimbursement for meals and travel?

"5. Is there any other provisions of the law whereby the State of Texas may do the same thing as related in question No. 4?"

Articles 2327 and 2327d, Vernon's Civil Statutes, provide:

Art. 2327:

"When either party to a civil case pending in the county court or county court at law applies therefor, the judge thereof shall appoint a competent stenographer, if one be present, to report the oral testimony given in such case. Such stenographer shall take the oath required of official court reporters, and shall receive not less than five dollars per day, to be taxed and collected as costs. In such cases the provisions of this title with respect to the preparation of the statement of facts, the time to be allowed therefor, and for the presentation to the opposite party, and the approving and filing thereof by the court, shall apply to all statements of facts in civil cases tried in said courts, and all provisions of law governing statement of facts and bills of exception to be filed in district courts and the use of same on appeal, shall apply to civil cases tried in said courts."

Art. 2327d:

"For the purpose of preserving a record of all hearings had before the County Judge of the counties of Texas, for the information of the Court and parties that may be interested therein, the Judge of the County Courts of Texas may appoint an official shorthand reporter for such Court who shall be well skilled in his profession, shall be a sworn officer of the Court, and shall hold office at the pleasure of the County Judge, and all provisions of the Civil Statutes

of the State of Texas relating to the appoint-
ment of stenographers for District Courts
shall apply, in so far as applicable to the
official shorthand reporter herein authorized
to be appointed by the County Judge of the
County Courts of Texas, and such shorthand
reporter shall receive a salary not to exceed
Twelve Hundred Dollars ($1,200) annually to be
paid in equal monthly installments out of the
County Treasury of the various counties upon
order of the Commissioners Court. Provided,
that in counties having a population of not
less than five hundred thousand (500,000) in-
habitants, according to the last preceding
Federal Census, or any future Federal Census,
there may be paid to the official shorthand
reporter for the County Court of such county a
salary to be fixed by the County Judge and ap-
proved by the Commissioners Court not to ex-
ceed Five Thousand, Five Hundred Dollars ($5,500)
per annum, payable in equal monthly installments,
in addition to compensation for transcript fees
as provided by law, such salary to be paid out
of the Officer's Salary Fund of such county."

The appointment of official court reporters is govern-
ed by the provisions of Articles 2327 and 2327d, Vernon's
Civil Statutes. Otto v. Wren, 184 S.W. 350 (Tex.Civ.App.
1916); Rice v. Roberts, 177 S.W. 149 (Tex.Civ.App. 1915, error
dism.); Wichita County v. Griffin, 284 S.W.2d 253 (Tex.Civ.
App. 1955, error ref. n.r.e.); Wright v. Peurifoy, 260 S.W.2d
234 (Tex.Civ.App. 1953).

Whenever either party to a civil case pending in the
County Court shall apply therefor the Judge of the Court shall
appoint a competent stenographer to report the oral testimony
given in such case. Article 2327, V.C.S ; Otto v. Wren, supra,
and Rice v. Roberts, supra.

The Judge of the County Court is also authorized to ap-
point an official court reporter for such Court pursuant to
the provisions of Article 2327d, V.C.S  In our opinion, an
official court reporter may be appointed pursuant to the pro-
visions of either Article 2327 or 2327d.

The compensation (in addition to his salary or per diem)
of such court reporter is governed by the provisions of Arti-
cle 2324, V.C.S., which provides in part:

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and the reporter shall make up such transcript and shall receive as compensation therefor the sum of not more than thirty cents per one hundred words for the original thereof, and in addition such reporter may make a reasonable charge, subject to the approval of the trial court if objection shall be made thereto, for postage and/or express charges paid; photostating, blue-printing or other reproduction of exhibits; indexing; and preparation for filing and special binding of original exhibits. Provided further, that in case any such reporter shall charge more than the fees herein allowed, whether by accident or design, and shall refuse to make proper refund or correction of such charges, he shall be liable to the person paying the same a sum equal to four times the excess so paid."

In view of the foregoing, we answer your questions as follows:

(1) The official court reporter of the County Court or County Court at Law may be appointed pursuant to the provisions of Article 2327d, or 2327, V.C.S. No other method for providing for official court reporters in such courts is prescribed by law.

(2) and (3) The fees for the services rendered by the official court reporter are governed by the provisions of Article 2324, V.C.S.

(4) The State cannot allow additional reimbursement for meals and travel to an official court reporter.

(5) There are no other provisions whereby the State may provide for additional reimbursement for meals and travel.

## SUMMARY

The appointment of official court reporters in County Courts and County Courts at Law is governed by the provisions of Articles 2327d and 2327,

Vernon's Civil Statutes. The compensation of official court reporters is provided for by the provisions of Article 2324, Vernon's Civil Statutes. The State cannot allow additional reimbursement for meals and travel.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:wb:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
T. B. Wright
William Osborne
Edward R. Moffett
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone